FERRIER v. MANNING.

(Supreme Court, Appellate Term.  December 13, 1898.)

CONVERSION—EXCESSIVE JUDGMENT.
   A judgment for conversion of a mortgage was entered by the court for the face thereof on a verdict finding for plaintiff without assessing his damages, no rule for assessing damages having been given the jury. *Held* error, where there was uncontradicted evidence showing that part of the principal had been paid.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by James Ferrier against Henrietta Manning. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. C. Delamare, for appellant.
J. B. Hands, for respondent.

PER CURIAM. The action is for the conversion by defendant of a mortgage, amounting to $500. There was a jury trial. The defendant held the mortgage as assignee by an assignment that was absolute on its face. The main question of fact upon the trial was with regard to the purpose for which the mortgage was assigned. The plaintiff contended that it was assigned as security for the payment of certain notes, while the defendant contended that it was assigned as security for the payment of rent. It appeared that the notes had been paid, but that certain rent remained due to the defendant from the plaintiff. The jury were instructed by the court to find a verdict in favor of the defendant, if they believed that the mortgage was assigned as security for the rent; and to find a verdict in favor of the plaintiff, if they believed that the mortgage was assigned as security for the payment of the notes. The jury retired, and, after deliberation, returned the following verdict: "We find that the assignment was made as collateral security for the notes." The justice thereupon ordered the jury to return to the jury room, and bring in a verdict either for the plaintiff or for the defendant. The jury thereupon again retired, and returned with the following verdict: "We find for the plaintiff." Upon this verdict the justice rendered judgment in favor of the plaintiff, and against the defendant, for $500 damages.

No rule as to the measure of damages was laid down for the guidance of the jury, and no particular sum was claimed by the plaintiff to be established by the evidence as the amount of the damage that the plaintiff had sustained. This may account for the failure of the jury to assess the damages by specifying the particular amount. Whatever may have been the reason for the defective verdict, it is clear that no value of the property alleged to have been converted was fixed by the jury, and no damages specified in the verdict. The face value of the mortgage was $500, but the defendant states in her testimony that the plaintiff had collected $100 on account of the principal of the mortgage. This statement does not appear to have been contradicted. It would

seem, therefore, that, aside from the question of power on the part of the court to enter judgment for the face value of the mortgage, upon the failure of the jury to fix any amount, the sum should not have exceeded $400, since that is the maximum that the evidence would have warranted the jury in finding to be the value of the property converted.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

